IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES MICHAEL MANNING, JR.,
         Plaintiff,

vs.                                                          Case No. 3:11cv224/WS/EMT

SHERIFF WENDELL HALL,
         Defendant.

---

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. § 1983 (doc. 7).  Leave to proceed in forma pauperis was granted (doc. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).  However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See* <u>Oladeinde v. City of</u>

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff names Sheriff Wendell Hall as the lone Defendant in this action. Plaintiff alleges that he was arrested on March 6, 2009, and taken to the Santa Rosa County Jail.[2] On or about May 17, 2009, he was attacked by inmate William Gene Gann while Plaintiff was working in the kitchen (doc. 7 at 3). He apparently did not see his attacker, but inmate Gann confessed to the attack (*id.*). In his original complaint in this action, Plaintiff asserted that Sheriff  Hall "allowed" inmate Gann

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] The facts and circumstances surrounding this arrest are the subject of at least one other case Plaintiff filed in this court. *See* Manning v. Santini, et al., Case No. 3:10cv220/RS/EMT.

to commit an assault and battery against Plaintiff at the jail and stated that Sheriff Hall's actions "[violated] Amendments 4, 8 and 14 of my Constitutional Amendment Rights by disregarding legal procedures in an attempt to make and enforce law that abridge my privileges and immunities inflicting cruel and unusual punishment depriving me of liberty while depriving me of life without due process of law against my will inflicting mental injury damages" (doc. 1 at 5).[3]  Because there were no details about the alleged assault or any resulting injuries, and no indication what role, if any, Sheriff Hall played in the event, Plaintiff was directed to file the amended complaint that is now before the court.  Plaintiff has essentially asserted the same allegations, but he now claims that Gann, who is not a named Defendant, violated his Eighth Amendment rights by assaulting him (doc. 7 at 4).   He also references Sheriff Hall and Article X, Section 13 of the Florida Constitution (*id*).   As relief he requests $250,000 in compensatory damages from the Escambia County Sheriff's Department (*id.*).

        As Plaintiff has been informed in other litigation he filed, in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

        1.        whether the conduct complained of was committed by a person acting under
                   color of state law; and

        2.        whether this conduct deprived a person of rights, privileges, or immunities
                   secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

        There is still no factual basis for a constitutional claim against Sheriff Hall.  In order to state a claim for a violation of his right to be free from cruel and unusual punishment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature."  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)).   "An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights."  McCoy v. Webster,

---

        [3] This language is identical to language used repeatedly by Plaintiff in one of his other cases.  *See* 3:10cv220/RS/EMT. As Plaintiff was advised in that case, this phrase attempts to be a legal conclusion rather than a factual explanation of what occurred, and should not be included in the statement of facts.

47 F.3d 404, 407 (11th Cir. 1995).  Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 833,114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (citations omitted); Rodriguez v. Secretary for the Dept. Of Corrections, 508 F.3d 611, 616–17 (11th Cir. 2007); Purcell ex. Rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313, 1319 (11th Cir. 2005); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; Purcell; Galloway, supra.  To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known of and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837,114 S. Ct. at 1979; Purcell, 400 F.3d at 1319–20. (plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.") (citation omitted); Rodriguez, supra.  When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.  McCoy, 47 F.3d at 407; Marsh v. Butler County, Alabama, 268 F.3d 1014, 1027 (11th Cir. 2001).  Although the court set forth all of the foregoing legal standards as guidance for Plaintiff in its order directing him to amend, there are no facts in the amended complaint from which this court can glean a viable claim for a failure to protect.

In addition, while Sheriff Hall is ultimately responsible for the operation of the jail, there is nothing in the complaint that would suggest he personally had any knowledge of or participation in the events in question.  To the extent Plaintiff seeks to hold Sheriff Hall liable for the actions or omissions of subordinate officers who may have had knowledge of or the opportunity to intervene in the events in question, his claim is not viable.  Respondeat superior, without more, does not provide a basis for recovery under section 1983.  Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d  509 (1981); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Cottone v. Jenne,  326 F.3d 1352 (11th Cir. 2003).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there

is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Cottone, 326 F.3d at 1360; see also Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001).  Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights.  Marsh, supra; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).   The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting Braddy v. Fla. Dept. of Labor & and Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998))); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985).   A supervisor ordinarily cannot be held liable under a respondeat superior theory for the acts and omissions of individuals acting in contravention to policy.  Tittle v. Jefferson County Commission, 10 F.3d 1535, 1540 (11th Cir. 1994).  However, the causal connection may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); Cottone, 326 F.3d at 1360.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, supra (quoting Gonzalez, 325 F.3d at 1234).  Again, although all of the foregoing was set forth for Plaintiff in this court's previous order, there is no basis for holding the only Defendant in this action, Sheriff Hall, liable under a theory of respondent superior.

Furthermore, to the extent Plaintiff seeks to hold inmate Gann liable in this action, even though he was not named as a Defendant, his claim would fail.  A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. See Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for

section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).  There is nothing in the complaint from which the court could conclude that inmate Gann should be held liable, or that the Sheriff's Department should pay for his actions.

Plaintiff has already been given one opportunity to amend his complaint along with detailed instructions for doing so.  The court is convinced that further attempts at amendment would be futile. Therefore, as Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, his complaint should be dismissed for failure to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this <u>13th</u> day of July 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).